Cecil **WILLIAMS, Clyde Ward, Frederick Walker, Robert A. Van Buren, Clark A. Torres, John Tennant, James Payton, James A. Morretti, Andrew Horvath, Richard L. Gonzales, Willie Crum, Pete Carnute, and Joel Bryan, Plaintiffs/Appellants,**

v.

**CATERPILLAR TRACTOR COMPANY, Robert E. Gilmore, Don Fowler, Jeffrey A. Glickman, A.E. Mathisen, Keith Wheeler, and Does I through XX, inclusive, Defendants/Appellees.**

No. 85–1972.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 1986.

Decided April 7, 1986.

As Amended June 12, 1986.

Fritz Wollett, McCartin & Wollett, Berkeley, Cal., for plaintiffs-appellants.

Gary P. Scholick, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for defendants-appellees.

Before BROWNING, Chief Judge, and TANG and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Plaintiffs, former employees of the Caterpillar Tractor Company, appeal the dismissal of their damage action for breach of employment contracts. We reverse on the ground that the action was improperly removed from state court and hold that the district court lacked jurisdiction to address the merits of the preemption defense or to dismiss the action.

## I

## BACKGROUND

The plaintiffs were all employed by defendant, Caterpillar Tractor Company, at its facility in San Leandro, California. They were initially employed in positions covered by a collective bargaining agreement, but were eventually elevated to positions as management or weekly salaried employees outside the scope of the collective bargaining unit.

During the period of time in which the plaintiffs were employed in positions outside of the bargaining unit, Caterpillar officials allegedly promised the plaintiffs permanent employment with Caterpillar as long as their performance was satisfactory. They were allegedly told that, even if the San Leandro plant were closed, they would be given the opportunity to transfer to positions at other Caterpillar facilities or with related companies or subsidiaries of Caterpillar. The plaintiffs claim they relied upon these promises in remaining in Caterpillar's employment.

Subsequently, all of the plaintiffs were downgraded in position and returned to bargaining unit jobs. They were then discharged shortly after the San Leandro facility closed in 1983.

The plaintiffs filed an action in California state court against Caterpillar and various Caterpillar officials alleging breach of an employment contract, breach of a covenant of good faith and fair dealing, intentional infliction of emotional distress, and fraudulent misrepresentation, all causes of action under state law. Caterpillar removed the action to federal district court on the ground that the state claims were preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that the action must be recharacterized as an action arising under § 301. Caterpillar contended that the alleged agreements which were made with the plaintiffs while they were not members of the bargaining unit were merged into and superseded by the collective bargaining agreement when the plaintiffs were subsequently downgraded to bargaining unit positions.

The district court denied the plaintiffs' motion under 28 U.S.C. § 1447(c) to remand the action to state court, with the exception of the claims of one plaintiff who had not been employed in a position covered by the collective bargaining agreement at the time of his discharge.

The district court ruled that the complaint stated a federal labor law claim cognizable under § 301, on the ground that the complaint involved a dispute over employment agreements including both personal employment contracts and the collective bargaining agreement. The district court's oral opinion, although not unambiguous, indicates the ruling hinged on the fact the plaintiffs were in positions covered by the collective bargaining agreement at the time of the plant closure.

The district court then dismissed the action, with leave to amend the complaint, on the ground that the plaintiffs had failed to exhaust the mandatory grievance-arbitration procedures provided in the collective bargaining agreement. The plaintiffs elected not to amend their complaint, and timely filed this appeal.

## II

## STANDARD OF REVIEW

Removal of a case from state to federal court is a question of federal subject matter jurisdiction which is reviewable *de novo*. *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 768 (9th Cir.1986). The burden of establishing federal jurisdiction falls on the party invoking the removal statute. *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir.1984), *cert. denied*, — U.S. —, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985).

## III

## REMOVAL JURISDICTION BASED ON PREEMPTION

A suit may be removed to federal district court under 28 U.S.C. § 1441(a) only if it could have been brought there originally. *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 (9th Cir.1985). Federal district courts are granted original jurisdiction

under 28 U.S.C. § 1331 over all civil actions "arising under the Constitution, laws, or treaties of the United States."

 An action "arises under" federal law only if "resolution of the federal question must play a significant role in the proceedings." *Hunter*, 746 F.2d at 646. Under the "well-pleaded complaint" rule, the federal question must appear from the complaint and not from any defense the defendant might raise to defeat the cause of action. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *Bright*, 780 F.2d at 769; *see generally* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3566 (1984).

On the face of the complaint, the employees have alleged state law causes of action. However, Caterpillar contends the action actually implicates section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), which governs actions for violations of collective bargaining agreements.

 It is axiomatic that the plaintiff is generally considered the "master" of his complaint. *Franchise Tax Board*, 463 U.S. at 22, 103 S.Ct. at 2853. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("Of course the party who brings a suit is master to decide what law he will rely upon") (Holmes, J.). As such, the employees would be entitled to allege a state law cause of action, rather than a federal cause of action, and seek relief in a state forum. However, the "artful pleading" doctrine constitutes an exception to that general principle. This doctrine provides that the federal courts may take jurisdiction over a complaint removed from state court where the plaintiff, although framing his action

under state law, in actuality raises an essential federal law question.[1] *Bright*, 780 F.2d at 769; *see generally Hunter*, 746 F.2d at 640–44.

The "artful pleading" doctrine may come into play in two related contexts. First, when the plaintiff alleges a state law claim that is preempted by federal law and a federal remedy exists for the plaintiff's grievance. *Hunter*, 746 F.2d 642–43. Second, when the plaintiff's state law claim necessarily implicates a federal law question, other than as a defense. *Bright*, 780 F.2d at 769; *see also Franchise Tax Board*, 463 U.S. at 9, 22, 103 S.Ct. at 2846, 2853.

This case requires us to consider the propriety of "preemption removal" as applied to the Caterpillar employees' complaint. The federal courts have long struggled with the question of whether, and under what circumstances, removal can be based upon a defendant's allegation of federal preemption. *See generally* Comment, *Federal Preemption, Removal Jurisdiction, and the Well-Pleaded Complaint Rule*, 51 U.Chi.L.Rev. 634 (1984). Recently, the Supreme Court directly addressed this problem in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

In *Franchise Tax Board*, the Supreme Court held that the federal courts had no jurisdiction to decide whether state tax authorities were preempted from executing a levy for unpaid taxes on a benefit plan fund covered by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461. *Id.* 3–4, 103 S.Ct. at 2843. The levy action had been removed from state to federal district court on the ground the state cause of action was preempted because it interfered with an

---

1. The "artful pleading" doctrine permits federal courts to investigate the true nature of the plaintiff's affirmative allegations, often looking to "the petition for removal to clarify the action presented in the complaint in determining whether it raises a federal question." *Bright*, 780 F.2d at 769 n. 3; *see also Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1473 (9th Cir.1984). For example, in *Olguin*, the plaintiff's complaint, although framed as a state law tort and contract action, was found actually to be grounded upon a collective bargaining agreement covering discharge from employment. We held that removal was proper as

the plaintiff's action was "in fact a section 301 suit on the bargaining agreement." *Id.* at 1474–75.

The "artful pleading" doctrine is a narrow exception to the ordinary rules of federal jurisdiction, applying only when "the particular conduct complained of [is] governed exclusively by federal law." *Hunter*, 746 F.2d at 640. This "doctrine is to be invoked only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Salveson v. Western States Bankcard Association*, 731 F.2d 1423, 1427 (9th Cir.1984).

ERISA protected plan. *Id.* at 7, 103 S.Ct. at 2845. Since the Supreme Court held that there was no independent basis for removal jurisdiction, it expressly declined to reach the merits of the preemption defense. *Id.* at 7, 103 S.Ct. at 2845.

■ The Court's decision affirmed the long-standing rule in this circuit that the question of federal preemption is ordinarily relevant only as a potential defense to an obligation created by state law. *See id.* at 13–14, 103 S.Ct. at 2848; *see also Guinasso v. Pacific First Federal Saving & Loan Ass'n,* 656 F.2d 1364, 1366 (9th Cir.1981), *cert. denied,* 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982); *Hunter,* 746 F.2d at 641. In such a case, federal jurisdiction does not lie, and the action must be remanded to state court for consideration of the federal preemption defense. *See Franchise Tax Board,* 463 U.S. at 3–4, 12, 103 S.Ct. at 2843, 2848.

■ However, "if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 24, 103 S.Ct. at 2854. The Court expressly stated that the "preemptive force of § 301 [of the LMRA] is so powerful as to displace entirely any state cause of action" for violation of a collective bargaining agreement. *Id.* at 23, 103 S.Ct. at 2853. In such a case,

the action may be removed to federal court even if an otherwise adequate state cause of action may exist. *Id.* at 24, 103 S.Ct. at 2854.

The distinction thus established is between preemption as a defense, allegedly precluding the plaintiff's state law cause of action, as opposed to "complete preemption" which means that the plaintiff's cause of action is necessarily a federal one. *See* Comment, *supra,* 51 U.Chi.L.Rev. at 652. Where there is "complete preemption," the court determines that Congress' intent was to preempt an entire field of law and provide a uniform federal law cause of action. *See id.* at 660 n. 122. The "necessary jurisdictional consequence is that the cause of action is made federal, permitting removal." *Id.*

■ A state law cause of action has been "completely preempted" when federal law both displaces *and* supplants the state law—that is, when federal law provides both a superseding remedy replacing the state law cause of action *and* preempts that state law cause of action.[2] *See generally Hunter,* 746 F.2d at 642–43; Note, *Removal Doctrine Reaffirmed: Franchise Tax Board v. Construction Laborers Vacation Trust,* 70 Cornell L.Rev. 557, 577–78 (1985). These are two distinct inquiries, both of which must be satisfied to permit removal of an action to federal court.

---

2. One commentator, analyzing the state of "preemption removal" law after *Franchise Tax Board,* persuasively argues that the existence of a superseding federal remedy is not necessary for removal of a preempted state law cause of action. Comment, *Federal Preemption, Removal Jurisdiction, and the Well-Pleaded Complaint Rule,* 51 U.Chi.L.Rev. 634, 662–67 (1984). Rather, he contends that the crucial inquiry · is whether the federal law preempts an entire field of regulation, as opposed to merely preempting a particular state law because it conflicts with the federal law's operation under the circumstances of the case.

Where "field" preemption, as opposed to "conflict" preemption, exists, it is an indication of congressional intent that an area of law be exclusively federal in nature. *Id.* at 664–65. Consequently, he concludes, the stronger nature of the federal interest involved in "field" preemption justifies exercise of federal jurisdiction in such circumstances, regardless of whether the preempting federal law also supplies a remedy for the plaintiff's grievance. *Id.* at 666. Of course, the existence of a superseding federal cause of action is relevant as clear evidence that

the state law cause of action is within a preempted field of law. *Id.*

Although this argument is persuasive, and not directly contradicted by the Supreme Court's decision in *Franchise Tax Board,* we decline to follow it. It has long been the law in this circuit that removal jurisdiction lies only when federal law supplants, as well as displaces, state law. The existence of a substitute federal remedy, in addition to preemption, is required by our precedent. *See generally Hunter,* 746 F.2d at 642–43.

Furthermore, this requirement is consistent both with federal jurisdictional statutes and with *Franchise Tax Board.*

If federal law displaces state law, but does not supplant it with an analogous federal remedy, then the complaint simply does not "arise under" federal law as required · by 29 U.S.C. § 1331. Preemption, in such a case, is a purely defensive allegation. But if federal law does provide a remedy, and the state law cause of action is also preempted, the complaint is susceptible to recharacterization as a federal cause of action permitting federal jurisdiction.

First, as an initial matter, a federal court must determine whether "it is apparent from a review of the complaint that federal law provides plaintiff a cause of action to remedy the wrong he asserts he suffered." *See Hunter*, 746 F.2d at 643. If no federal right is violated by the acts the plaintiffs allege occurred, then no federal question is raised in the complaint and the federal courts are without jurisdiction. The preemption argument then focuses only on the proposition that the state cannot regulate the field, which is a defensive allegation. *Id.* at 642 (quoting *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1371 n. 5 (9th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985)). Consequently, such an action must be remanded to state court.

The Supreme Court's decision in *Franchise Tax Board* makes clear that the actual merits of the defendant's preemption allegation are not to be considered at all if a cognizable federal cause of action is not stated in the complaint. *See also Franchise Tax Board v. Construction Laborers Vacation Trust*, 679 F.2d 1307, 1309–10 (9th Cir.1982) (Tang, J., dissenting) (under the well-pleaded complaint rule, district court had no jurisdiction to address merits of ERISA preemption defense), *rev'd*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

▮ If, and only if, federal law provides an analogous substitute cause of action to the plaintiff, then a federal court must proceed to determine whether the state law cause of action *is* preempted. If the state law cause of action is preempted, the claim must be recharacterized under the federal cause of action and the district court has proper jurisdiction over it. The complaint thus is regarded as having been "artfully pleaded" to avoid a necessary federal question.

On the other hand, if the state law cause of action is *not* preempted, then the action

In addition, the Supreme Court in *Franchise Tax Board*, described the "complete preemption" doctrine as applying where a federal cause of action "completely preempts" the state law *and* the complaint "comes within the scope of the federal cause of action." 463 U.S. at 24, 103 S.Ct. at 2854. This requirement that the complaint come "within the scope" of the federal cause of action is a strong indication that the federal cause of action must provide a substitute remedy to the plaintiff replacing his state law cause of action before removal can be proper.

must be remanded to state court. Even though a federal cause of action could have been raised, the plaintiff remains the "master" of his complaint and " 'is free to ignore the federal question and pitch his claim on the state ground.' " *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1427 (9th Cir.1984) (quoting 1A Moore's Federal Practice ¶ 0.160, at 185 (2d ed. 1979)). The plaintiff is entitled to pursue his state law cause of action in state court, despite the availability of a federal cause of action, with the *caveat* that failure to raise a parallel federal cause of action may result in its preclusion by the doctrine of res judicata in any future proceeding. *See Hunter*, 746 F.2d at 640–41.

## IV

### RECONCILING PREVIOUS PRECEDENT

▮ It is not clear that the approach outlined in this opinion, requiring ascertainment of a superseding federal cause of action as a jurisdictional prerequisite to addressing the merits of the preemption allegation, has been consistently followed in this circuit, although no decision has held to the contrary.

Two decisions in this circuit, filed subsequent to the Supreme Court's analysis of the "removal preemption" problem in *Franchise Tax Board*, failed to expressly determine the existence of a federal remedy as a prerequisite to the consideration of the preemption issue.

In *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1371–73, 1376 (9th Cir.1984), *cert. denied*, 105 S.Ct. 2319 (1985), this court held that the plaintiff's state law cause of action for wrongful discharge in violation of public policy was not preempted by § 301 of the LMRA. The plaintiff alleged he was discharged in retaliation for reporting the employer to the health department for delivering adulterated milk.

Moreover, the Court found federal jurisdiction lacking in *Franchise Tax Board* because federal law in that case did "not provide an alternative cause of action in favor of the State to enforce its rights, while § 301 [of the LMRA] expressly supplied the plaintiff in *Avco* with a federal cause of action to replace its preempted state contract claim." *Id.* at 26, 103 S.Ct. at 2855. *See generally* Note, *Removal Doctrine Reaffirmed: Franchise Tax Board v. Construction Laborers Vacation Trust,* 70 Cornell L.Rev. 557, 569–70, 577–78 (1985).

The employer removed the action to federal district court, claiming it was preempted by § 301.

The *Garibaldi* court expressly stated that removal depended, not on preemption, but on whether a federal claim was stated in the complaint. *Id.* at 1370. It was also recognized that where the federal question is not raised affirmatively in the complaint, the final resolution of a preemption defense is for the state court on remand. *Id.* at 1369 n. 4. However, the opinion then proceeded to address only the preemption argument. *Id.* at 1371–76. In addressing the preemption issue, the *Garibaldi* decision cited for authority *Guinasso v. Pacific First Federal Savings & Loan Association,* 656 F.2d 1364 (9th Cir.1981), *cert. denied,* 455 U.S. 1020 (1982), although in *Guinasso,* we expressly declined to consider the preemption argument once we ascertained the absence of a federal remedy, *id.* at 1367.

In *Aragon v. Federated Department Stores, Inc.,* 750 F.2d 1447 (9th Cir.1985), *cert. denied,* 106 S.Ct. 229 (1985) & 54 U.S.L.W. 3454 (U.S. Jan. 13, 1986) (No. 85–386), this court held that a state law cause of action for malpractice against a union attorney in handling an employee grievance under the collective bargaining agreement was not preempted by "federal labor law," without clarifying whether the issue of preemption was being considered under § 301 or rather under the National Labor Relations Act. This action had also been removed from state court. As in *Garibaldi,* the opinion proceeded to address the preemption argument without first stating that a federal claim existed to provide jurisdiction to address the merits of the preemption claim.

However, it is important to note that neither *Aragon* nor *Garibaldi* cited *Franchise Tax Board* or commented on the Supreme Court's requirement that initial removal jurisdiction be proven before addressing the merits of the preemption allegation. Neither decision expressly considered whether the preemption issue was properly before the court.[3]

Most importantly, in several recent decisions, we *have.* followed the proper approach to "preemption removal" cases, although perhaps without always consciously doing so. In these decisions, all involving possible preemption under § 301, we, although often loosely mentioning "preemption" in the same breath, have carefully focused the initial inquiry on whether a federal cause of action was stated under § 301. *See, e.g., Truex v. Garrett Freightlines, Inc.,* 784 F.2d 1347, 1350–51 (9th Cir.1986) (opinion notes that plaintiffs conceded removal was proper under § 301 because state law claims were in part a contract theory implicating the collective bargaining agreement, before addressing preemption issue); *Harper v. San Diego Transit Corp.,* 764 F.2d 663, 667 (9th Cir. 1985); *Carpenters Southern California Administrative Corp. v. Majestic Housing,* 743 F.2d 1341, 1343–46 (9th Cir.1984) (case also involved ERISA preemption issue, which we expressly declined to address due to lack of jurisdiction); *Olquin v. Inspiration Consolidated Copper Co.,* 740 F.2d 1468, 1474–75 (9th Cir.1984); *Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1350–51 (9th Cir.1984) (case also involved NLRA preemption). *See also Clorox Co. v. United States District Court,* 779 F.2d 517, 521 (9th Cir.1985) (we clearly

---

**3.** Perhaps even more significantly, both decisions analyzed the preemption claims through references to preemption law under the National Labor Relations Act (NLRA). The NLRA may constitute a fairly unique area of law where, at least in some cases, the determination of federal jurisdiction in the National Labor Relations Board (NLRB) employs the identical analysis required to determine whether a state law claim is preempted. *See Sears, Roebuck & Co. v. San Diego Council of Carpenters,* 436 U.S. 180, 197 (1978). If the activity underlying a state law claim is "arguably subject" to regulation under sections 7 and 8 of the NLRA, 29 U.S.C. §§ 157, 158, the action is both preempted and falls within the exclusive jurisdiction of the NLRB. *See, San Diego Building Trades Council*

*v. Garmon,* 359 U.S. 236, 244–45 (1959); *Labor Production Industrial Workers Local No. 1054 v. West Coast Industrial Relations Association, Inc.,* 775 F.2d 1042, 1047–49 (9th Cir.1985); *see generally* Schultz & Husband, *Federal Preemption Under the NLRA; A Rule in Search of a Reason,* 62 Denver U.L.Rev. 531 (1985) A federal court may be able to take jurisdiction over a case removed from state court for the limited purpose of determining whether exclusive federal jurisdiction exists in the NLRB. Thus, the preemption analysis applied under the NLRB should be distinguished from the approach taken with regard to § 301 of the Labor Management Relations Act, although the provisions may overlap on occasion.

held ERISA created federal cause of action before finding preemption of state claims).

The most important recent case, in this respect, is *Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir.1984), *cert. denied,* 106 S.Ct. 180 (1985), where we gave the most express indication to date of agreement with the general approach outlined in this opinion. In that decision, we held there was no basis for removal jurisdiction in the federal district court as the federal claim alleged did not reach the jurisdictional amount and the state law claim did not "hinge on" federal law. We expressly concluded that the district court should have remanded the entire case to the state court without considering the preemption issue. *Id.* at 638, 652; *see also id.* at 653 (Sneed, J., concurring).

In conclusion, as the propriety of the order of decision was not explicitly decided in *Garibaldi* and *Aragon,* and as *Franchise Tax Board* and *Hunter* reached a contrary result, we are not bound by any implication, if it exists, that the preemption issue may be decided before the jurisdictional federal cause of action issue. *See Guinasso,* 656 F.2d at 1366.

**V**

**JURISDICTION UNDER § 301**

To avoid prematurely addressing the merits of the preemption issue, the scope of § 301 as applied to the Caterpillar employees' complaint must first be determined. The question is whether the grievance they complain of, denial of the promised permanent right of employment during satisfactory performance, constitutes a violation of a right protected by § 301.

Section 301 of the Labor Management Relations Act provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

An action within the scope of § 301 is governed by federal substantive law, *Tex-*

*tile Workers Union v. Lincoln Mills,* 353 U.S. 448, 456–57, 77 S.Ct. 912, 917–18, 1 L.Ed.2d 972 (1957), and is subject to removal to federal court under 28 U.S.C. § 1441, *Avco Corp. v. Aero Lodge No. 735, International Association of Machinists,* 390 U.S. 557, 560–62, 88 S.Ct. 1235, 1237–38, 20 L.Ed.2d 126 (1968). Section 301 is to be given broad interpretation. *Smith v. Evening News Association,* 371 U.S. 195, 199, 83 S.Ct. 267, 269, 9 L.Ed.2d 246 (1962).

In *Painting and Decorating Contractors Association v. Painters and Decorators Joint Committee,* 707 F.2d 1067 (9th Cir.1983), *cert. denied,* 466 U.S. 927, 104 S.Ct. 1709, 80 L.Ed.2d 182 (1984), we described the scope of § 301:

All that is required for jurisdiction to be proper under § 301(a) is that the suit be based on an alleged breach of contract between an employer and a labor organization *and* that the resolution of the lawsuit be focused upon and governed by the terms of the contract.

*Id.* at 1071 (emphasis added).

The complaint brought by the Caterpillar employees meets neither of these requirements, both of which must be satisfied for jurisdiction to be based upon § 301.

As to the first requirement, the employees' complaint is not based upon any alleged breach of the collective bargaining agreement between the union and Caterpillar. Rather the contract breach alleged involves the violation of entirely separate and independent contracts made outside of the collective bargaining process. The alleged promises of permanent employment were made when the employees were in management positions and were not even members of the bargaining unit.

For jurisdiction to lie under § 301, "the rights and liabilities of the parties ... must be a product of the bargaining agreement itself, and not of some other origin." *Lumber Production Industrial Workers Local No. 1054 v. West Coast Industrial Relations Association, Inc.,* 775 F.2d 1042, 1046 (9th Cir.1985). The Caterpillar employees' cause of action arises out of independent contracts, most assuredly not from the collective bargaining agreement. Caterpillar cannot truly contend that the bargaining agreement offered any guarantee of permanent employment, or that the

plaintiffs' claims actually "arise under" the bargaining agreement.[4]

As to the second requirement for jurisdiction based upon § 301, resolution of the employees' state law cause of action is not focused upon interpretation of the collective bargaining agreement. Their claims are not "derived" in any way from the agreement. *Compare Allis-Chalmers Corp. v. Lueck,* —— U.S. ——, 105 S.Ct. 1904, 1914, 85 L.Ed.2d 206 (1985) (state law tort duty of good faith "derived" from implied covenant found in collective bargaining agreement). Even if some reference to the collective bargaining agreement is required, that alone is not sufficient to transform a case into one that "arises under" § 301.[5] *Carpenters Southern California Administrative Corp. v. Majestic Housing,* 743 F.2d 1341, 1345 (9th Cir.1984). Here not even a reference to the collective bargaining agreement is necessary, other than to ascertain that no provision of the agreement can even arguably be construed to provide a remedy for their complaint.

Caterpillar does content that the collective bargaining agreement must be referred to in determining whether the independent contracts to provide permanent employment are inconsistent with, and thus are superseded by and merged into, the bargaining agreement. The gravamen of Caterpillar's argument is that, through the preemptive force of § 301, the bargaining agreement supersedes and extinguishes all previous obligations of the employer to his employees, · including independent and preexisting contracts.

This is not an argument that the employees' complaint can be recharacterized as a cause of action under § 301. Although we do not comment on the validity of this argument, it remains a defensive allegation that § 301, by merging pre-existing individual contracts into the bargaining agreement, preempts the state law cause of action. This preemption allegation is raised to defeat the plaintiffs' claims grounded in those independent contracts; it is not a necessary element of their affirmative cause of action.[6]

4. Caterpillar attempts to pull the plaintiffs' action within the scope of § 301 by contending the plaintiffs' grievances were subject to the arbitration clause in the Caterpillar collective bargaining agreement.

 However, this case involves entirely separate and independent agreements which are not within the scope of the collective bargaining agreement. Furthermore, the arbitration clause in the bargaining agreement expressly limits the duty to arbitrate to matters "covered by the Agreement" or involving the application or interpretation "of any provisions of this Agreement." Consequently, the bargaining agreement arbitration clause, by its own terms, is limited to disputes arising under the agreement, and does *not* cover matters collateral to the agreement, such as independent individual contracts. *See Rochdale Village, Inc. v. Public Service Employees Union, Local No. 80,* 605 F.2d 1290, 1296 (2d Cir.1979).

5. Caterpillar relies on *Allis-Chalmers Corp. v. Lueck,* —— U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) for the proposition that a state law cause of action *ipso facto* must be recharacterized as a federal § 301 action subject to removal whenever reference to a collective bargaining agreement may prove necessary to adjudicate the merits of the case. Apparently Caterpillar contends this is so even if reference to the bargaining agreement will occur only through evaluation of a defensive allegation.

 The *Lueck* decision simply cannot be read to support this contention. The *Lueck* case did not even involve the issue of federal removal juris-

diction, but rather was a direct appeal from a state court concerning only a preemption defense based on § 301. It may well be that the particular complaint filed in the *Lueck* case could have been removed to federal court, as the state claim was "inextricably intertwined with consideration of the terms of the labor contract." *Id.* 105 S.Ct. at 1912. The fact is that the defendants made no attempt to remove it. Had they made such an attempt, the federal court would have had to pursue the distinct inquiry as to whether an analogous federal remedy replacing the state law action existed to support federal jurisdiction. As that issue was not before the Supreme Court, the *Lueck* decision was necessarily silent on that point.

6. Our decision in *Olguin v. Inspiration Consolidated Copper Co.,* 740 F.2d 1468 (9th Cir.1984) is not to the contrary. In that case, the employer removed Olguin's cause of action alleging breach of an employment contract based on a written personnel policy manual. *Id.* at 1474. We held that the collective bargaining agreement preempted any inconsistent provision in the manual. *Id.* We further held that Olguin's "suit was effectively a suit to enforce the collective bargaining agreement." *Id.* Accordingly, we upheld the removal of the action under § 301. *Id.*

 In contrast with the instant case, Olguin was not alleging an independent employment contract entered into outside of the collective bargaining unit. Olguin had always been a member of the bargaining unit, and had not entered into any pre-existing independent contract with

Contrary to Caterpillar's contention, application of the "artful pleading" doctrine would not change this conclusion. The "artful pleading" doctrine does not operate to transform a federal defense into a ground for the exercise of federal jurisdiction. It serves only to clarify the true nature of the plaintiff's affirmative claim. *See Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (9th Cir.1986); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir.1983).

In sum, federal law does not create the right the Caterpillar employees alleged has been violated.[7] *See Hunter*, 746 F.2d at 643. Section 301 does not provide the plaintiffs any cause of action for the injury they allege. Consequently, federal jurisdiction is lacking whether or not the state law cause of action is preempted. *See id.* at 643–44.

## VI

## CONCLUSION

As the employees' complaint cannot be construed to allege a cause of action

remedied by federal law, the district court did not have jurisdiction to consider the preemption defense or to dismiss the action.

In *Franchise Tax Board*, the Supreme Court recognized the incongruity of remanding to state court an action in which "the only question for decision is raised by a federal pre-emption defense." 463 U.S. at 12, 103 S.Ct. at 2848; *see also Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1471–72 (9th Cir.1984). Nevertheless, such a suit cannot be maintained in federal court because " '[b]y unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby.' " *Franchise Tax Board*, 463 U.S. at 12, 103 S.Ct. at 2848 (quoting *Gully v. First National Bank*, 299 U.S. 109, 116, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936)). Despite the defendant's real and substantial interest in having the federal preemption argument decided by a federal court, such an interest cannot be the basis for federal jurisdiction under

---

his employer. We found that his breach of contract claim was "in reality" an allegation of a breach of the bargaining agreement. *See id.* at 1470. The Caterpillar plaintiffs raise a claim grounded solely in alleged independent contracts, entered into outside of the bargaining unit and entirely unrelated to the bargaining agreement.

Most importantly, Olguin's wrongful discharge claim fit neatly within the scope of the "just cause" discharge provisions of the collective bargaining agreement. We noted that "the true nature" of his complaint concerned "the terms and conditions of employment as they are set out in the collective bargaining agreement." *Id.* at 1474. Consequently, Olguin's action was easily susceptible to characterization as a § 301 suit. It was apparent that Olguin was simply trying to avoid federal jurisdiction. *See id.* By contrast, the Caterpillar plaintiffs have alleged no claim which could be maintained under § 301.

7. Caterpillar relies on *Hass v. Darigold Dairy Products Co.*, 751 F.2d 1096 (9th Cir.1985) for the proposition that the plaintiffs' could have sought a remedy for their grievance through an estoppel argument brought under § 301. This reliance is misplaced.

In *Hass*, the plaintiff had been assured by a union official that she would not lose her seniority standing by switching to part-time employment. When she later discovered her seniority had been lost, she brought an action in state court, which was removed to federal district court as an action arising under § 301. Just prior to trial, the union and the employer entered into a supplemental "understanding"

amending seniority rules as applied to workers switching to part-time status.

We held that estoppel principles were applicable in an action arising under federal law. *Id.* at 1099. The union and employer were estopped from raising the subsequent agreement to defeat the plaintiff's claim to seniority. *Id.* at 1100.

However, the decision in *Hass* does not afford a potential federal remedy to the Caterpillar employees. The *Hass* decision applied estoppel principles to a case already arising under § 301 as it involved interpretation of a collective bargaining agreement. After holding that the subsequent agreement could not defeat the plaintiff's claim, we proceeded to determine whether the original collective bargaining agreement required reinstatement of the plaintiff's original seniority position. *Id.* at 1101. Her "seniority rights were grounded in the ... bargaining agreement." *Id.* at 1102. Unlike *Hass*, the Caterpillar employees' claims are not "grounded" in a collective bargaining agreement, amended or otherwise.

The Caterpillar plaintiffs may raise estoppel in one of two ways. First, the plaintiffs did raise estoppel in their complaint through a state law cause of action for fraudulent misrepresentation, claiming they detrimentally relied upon the alleged assurances of permanent employment. Second, estoppel may be raised as a shield to defeat Caterpillar's preemption argument that the precedent contracts were merged into the collective bargaining agreement. In neither instance is the estoppel issue raised in the context of a pending § 301 action, as it was in *Hass*. The plaintiffs' claims simply do not arise under § 301.

the removal statute. *Hunter*, 746 F.2d at 640.

The district court's judgment is vacated. The action is remanded to the district court with instructions to remand to state court.[8]

**VACATED AND REMANDED.**

---

**8.** The Caterpillar employees also allege cause of action for breach of a covenant of good faith and fair dealing, intentional infliction of emotional distress, and fraudulent misrepresentations. All of these claims hinge, however, to a substantial degree on their primary claim of a breach of the independent contracts for permanent employment. As we hold that their breach of contract claim based on those independent contracts is not properly removed, we also remand the other related claims in the complaint to the district court with instructions to remand to state court.