**Kathy Belinda HOWELL, Plaintiff,**

v.

**TODD PACIFIC SHIPYARDS
CORPORATION,
Defendant.**

No. C98–1833L.

United States District Court,
W.D. Washington,
at Seattle.

May 3, 1999.

Mary R. Mann, Law Offices of Mann & Peck, Seattle, WA, for Kathy Belinda Howell, plaintiff.

Richard J. Omata, Karr Tuttle Campbell, Seattle, WA, for Todd Pacific Shipyards Corporation, a Delaware Corporation, defendant.

## ORDER OF REMAND

LASNIK, District Judge.

This matter comes before the Court on plaintiff's motion for remand to state court. Having considered the materials filed in support of and in opposition to the motion, the Court hereby grants the motion and remands this case to King County Superior Court.

Plaintiff's complaint charges defendant Todd Pacific Shipyards with several acts of employment discrimination in violation of Washington law. She claims Todd failed to hire her, then hired her but assigned her inferior tasks, failed to promote her, laid her off, and failed to recall her, all because of her race, her sex, or her prior complaints.

The terms of plaintiff's employment with Todd are governed by a collective bargaining agreement between Todd and plaintiff's union. Todd asserts as a defense to some of plaintiff's claims, particularly her charge of discriminatory failure to re-hire, that it was following the procedures required by the collective bargaining agreement. After plaintiff filed suit in state court, defendant removed to this court, asserting federal question jurisdiction.

Defendant's removal petition asserts that plaintiff's claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Section 301 provides a federal cause of action for breaches of collective bargaining agreements between an employer and a union. It authorizes the federal courts to develop a federal body of law to govern disputes arising from labor contracts, *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), and displaces state doctrines of law to the extent that they are incompatible with principles of federal labor law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 102–03, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

In some circumstances, a state cause of action itself is entirely preempted by § 301, and the plaintiff must seek relief under that statute, or not at all. "[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (quoting § 301). A state cause of action is completely preempted if it "purports to define the meaning of the contract relationship."

*Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985); *see also International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 862, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987).

■ However, defendants invoke "preemption" in diverse situations, and it will not always entail complete displacement of a state cause of action. *See Livadas v. Bradshaw*, 512 U.S. 107, 124 n. 18, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). Resolution of an independent state law claim may require some reference to a labor contract, but need not be completely preempted by § 301. *See id.* at 123–24 & nn. 17, 18; *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 n. 12, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). In this circumstance, the application of state contract law is "preempted," but the state cause of action is not.

It is with this distinction in mind that the Court must determine its jurisdiction over this case. Defendant asserts § 301 as the sole basis for the Court's subject matter jurisdiction. Defendant argues that since plaintiff's claims implicate the collective bargaining agreement, her claims are actually § 301 claims, and therefore present a question of federal law, which confers federal jurisdiction over the case. *See* 28 U.S.C. § 1331.

■ "As a general proposition, the federal question must appear from the face of the plaintiff's complaint." *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir.1989). This is known as the "well-pleaded complaint rule," and it makes the plaintiff the master of her complaint by allowing her to determine in which forum it will be heard. *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 931 (9th Cir. 1986), *aff'd*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

■ There is an exception to this rule, known as the "artful pleading" doctrine, which allows the courts to search the complaint for its "true nature," to determine if it actually presents "an essential federal law question." *Id.* One type of artful pleading arises when an ostensibly state-law claim is completely preempted by federal law. "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded · complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citations omitted). Thus, only if plaintiff's claims are completely preempted by § 301 does the Court have subject matter jurisdiction over this case.

■ State causes of action are not "completely preempted" merely because they could implicate terms of a collective bargaining agreement. The suit must be "founded directly on" rights created by the contract or "substantially dependent on analysis of" the contract. *Id.* at 394, 107 S.Ct. 2425 (internal quotations omitted). This situation does not arise where the collective bargaining agreement is relied upon only as a defense to plaintiff's claims.

> When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing.

*Id.* at 399, 107 S.Ct. 2425.

■ Plaintiff does not invoke rights created by the collective bargaining agreement. Although she mentions the agreement in connection with at least one of her claims, she seeks relief under independent state laws, not under the agreement itself. Although Todd's defense may require some reference to the applicable labor con-

tract, such reference will not necessarily resolve any of plaintiff's claims. Plaintiff's claims do not arise under federal law, and therefore are not within this Court's subject matter jurisdiction.

ACCORDINGLY plaintiff's motion to remand is GRANTED and this case is hereby remanded to King County Superior Court.

The Clerk of the Court is directed to send copies of this order to all counsel of record.