Michael N. BUSCEMI, Appellant,

v.

McDONNELL DOUGLAS CORPORATION, a Missouri corporation, International Association of Machinists and Aerospace Workers, District Lodge 720, Robert Pleet, Appellees.

No. 83–5874.

United States Court of Appeals, Ninth Circuit.

Argued and submitted March 9, 1984.

Decided July 6, 1984.

William M. Crosby, Orange, Cal., for appellant.

D. Barclay Edmundson, Munger, Tolles & Rickershauser, Los Angeles, Cal., for appellees.

Before SNEED and BOOCHEVER, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, Senior District Judge:

Michael Buscemi filed an action for damages against McDonnell Douglas Corporation charging that he was wrongfully discharged. The district court dismissed his complaint. He appeals; we affirm.

*Facts*

Buscemi was employed as a maintenance mechanic at McDonnell Douglas for fourteen years. He was a member of the International Association of Machinists and Aerospace Workers (the Union), and was covered under a collective bargaining agreement between McDonnell Douglas and the Union.

In September, 1980, Buscemi was discharged by McDonnell Douglas for not getting along with his fellow workers. Buscemi processed grievances through the Union, but when its efforts were unsuccessful, the Union refused to pursue arbitration.

In August, 1981, Buscemi filed an action against McDonnell Douglas in the Superior Court of California. He alleged that on several occasions he circulated petitions and voiced other employees' concerns about practices at McDonnell Douglas. Buscemi also alleged that, because of a personal conflict with Bob Fay, his foreman, he was denied certain job transfers and that he was discharged under a pretext.

Buscemi sought relief under California law for retaliatory discharge, wrongful termination of employment, and intentional infliction of emotional distress.

After McDonnell Douglas removed the action to the federal court, Buscemi filed an amended complaint in which he named both McDonnell Douglas and the Union as defendants. The district court granted the defendants' motion to dismiss on the ground that Buscemi's retaliation claim was within the exclusive jurisdiction of the National Labor Relations Board (NLRB). The district court also held that his tort

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

claims should be construed as claims for breach of the collective bargaining agreement and are actionable only under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).[1] The court also held that his claim under section 301 was time-barred.

On appeal, Buscemi contends: 1) that his contract and tort claims are not preempted by federal law; 2) that his claim for wrongful termination of employment should not have been construed as a claim for breach of the collective bargaining agreement, and 3) that he had stated a cause of action for intentional infliction of emotional distress which was not preempted by the NLRA.

## Discussion

### Standard of Review

When reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether, in the context of the complaint, the plaintiff could have proved any set of facts entitling him to relief. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980).

### Jurisdiction Over Claim for Retaliatory Discharge

Buscemi contends that the district court erred when it ruled that it had no jurisdiction over his retaliatory discharge claim.

■ Buscemi alleged that he was discharged in retaliation for passing out petitions and voicing employee complaints. Activities to redress complaints about working conditions are "concerted activities" protected by the National Labor Relations Act (NLRA), 29 U.S.C. § 157. Violations of an employee's right to engage in concerted activities are within the exclusive jurisdiction of the NLRB. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775; *NLRB v. Robertson Industries*, 560 F.2d 396 (9th Cir.1976).

■ The district court correctly ruled that it had no subject matter jurisdiction over the retaliation claim, and deference to the "exclusive competence" of the NLRB was proper.

### Claim for Wrongful Termination

■ Buscemi also contends that the court erred when it construed his claim for wrongful termination of employment as one for breach of the collective bargaining agreement actionable only under federal law. He asserts that he is entitled to maintain this action under California law which authorizes contract or tort actions for wrongful termination of employment when the termination violates public policy, a statute, or the terms of an express or implied employment contract. *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980); and *Pugh v. See's Candies, Inc.*, 116 Cal. App.3d 311, 171 Cal.Rptr. 917 (1981). Buscemi does not allege conduct by McDonnell Douglas which offends public policy or a statute, as in *Tameny, supra*, where an employee was discharged for refusal to participate in a price-fixing activity, or as in *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir.1984), where an employee was discharged for reporting a shipment of adulterated milk to health officials. Buscemi cannot invoke the protection of an implied employment contract. He was a union member whose employment was governed by a collective bargaining agreement, and his remedy is limited to the grievance procedures of the agreement.

Buscemi insisted in the district court and here that he filed this action under state tort and contract law and not under section 301; that this court has jurisdiction only because of diversity of citizenship; and that he is entitled to have his case decided under California state law. The district

---

1. Section 301(a) provides in part:
   Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce, as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

court, on the basis of *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209 (9th Cir.1980), rejected each of these contentions. It construed Buscemi's claim for wrongful termination of employment as an action for breach of a collective bargaining agreement actionable only under section 301 of the LMRA.

█ We agree that the substance of Buscemi's complaint is a grievance against McDonnell Douglas within the scope of the collective bargaining agreement and is a claim governed exclusively by section 301 of the LMRA.

The district court also ruled that Buscemi's section 301 claim was time-barred. Congress did not enact a statute of limitations governing section 301 claims. Section 1288 of the California Civil Procedure Code provides a limitation period of one hundred days for arbitration awards. In *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732, the United States Supreme Court held that the limitation of challenges to commercial arbitration under state law applies to an action to set aside a labor arbitration decision. In *McNaughton v. Dillingham Corp.,* 707 F.2d 1042, 1046 (9th Cir.1983), *reh'g denied,* 722 F.2d 1459 (1984), we held that this limitation applied whether the employee's grievance is resolved with or without arbitration.

Buscemi filed his action four months after *Mitchell* was decided. Later, however, the Supreme Court in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) held that section 301 claims are governed by the six-month limitation period of section 10(b) of the NLRA.

█ Buscemi's original complaint was filed eleven months after his discharge and more than ten months after the Union terminated further consideration of his grievance. It is therefore time-barred regard-

less of whether the one hundred-day limitation or the six-month limitation is applicable.[2]

*Intentional Infliction of Emotional Distress*

Buscemi's complaint alleged that the "manner" of his termination caused him emotional distress entitling him to damages. Buscemi relies on *Farmer v. United Brotherhood of Carpenters and Joiners,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), for his assertion that a claim for infliction of emotional distress is not preempted by the NLRA, 29 U.S.C. §§ 151–69 and is actionable under state tort law.

In *Farmer,* a union officer brought a tort action for damages against the union. He alleged that union officers threatened and intimidated him and also discriminated against him in hiring hall referrals. The United States Supreme Court sustained the validity of his claim, holding that the NLRA did not preempt a tort action for the intentional infliction of emotional distress.

The *Farmer* decision was premised on the "State's interest in protecting the health and well-being of its citizens." 430 U.S. at 303, 97 S.Ct. at 1065. The Court, however, cautioned against too broad an interpretation of its holding. It noted that the employee's cause of action would depend on the outrageousness of the Union's conduct and whether the manner in which the Union acted was beyond the scope of labor relations regulated by federal law.

We applied *Farmer* in *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978), a case in which an employee sued his employer. Magnuson was a train dispatcher who was fired when the railroad found he was responsible for a collision between two freight trains. In his action against the railroad, he charged that he was the victim of the railroad's conspiracy to conceal its own negligence. Magnuson asserted that

---

**2.** We held that *Mitchell* and *DelCostello* should not be applied retroactively when the issue of retroactivity was timely raised. We have refused to withhold retroactive application when it was not properly raised. *McNaughton v. Dill-* *ingham Corp.,* 707 F.2d at 1047 n. 5; *Barina v. Gulf Trading & Transp. Co.,* 726 F.2d 560, 563 n. 7 (9th Cir.1984). Here, Buscemi did not even raise the issue of retroactivity in either the district court or in this court.

his discharge constituted intentional infliction of emotional distress. We held that Magnuson did not state a claim for intentional infliction of emotional distress because his distress:

was an incident of the wrongful discharge... Every employee who believes he has a legitimate grievance will doubtless have some emotional anguish occasioned by his belief that he has been wronged. Artful pleading cannot conceal the reality that *the gravamen of the complaint is wrongful discharge.*

576 F.2d at 1369 (emphasis added).

■ Buscemi alleges only that he was fired on a pretext, and he asserts that it is "apparent that [his] emotional distress resulted from the callous and insensitive manner of his termination." This allegation, like the one in *Magnuson,* is no more than a claim that Buscemi was fired without good cause and that as a result he suffered emotional distress. These allegations do not support a tort claim under state law for intentional infliction of emotional distress. It is a claim preempted under the NLRA.

We affirm the district court's dismissal of Buscemi's action.