George PRICE, Plaintiff,

v.

UNITED PARCEL SERVICE, INC., Defendant.

Civ. A. No. 84–1844–K.

United States District Court, D. Massachusetts.

Sept. 20, 1984.

Stephen M.A. Woodworth, Francis J. Lynch, II, P.C., Brockton, Mass., for George Price.

Michael T. Cetrone, Nutter, McClennen & Fish, Boston, Mass., for United Parcel Service.

Memorandum and Order

KEETON, District Judge.

This action was brought by George Price ("Price") against his former employer,

United Parcel Service ("UPS") for damages caused by UPS' termination of his employment on January 19, 1983. The complaint was filed on April 26, 1984, in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Plymouth County and defendant removed to this court pursuant to 28 U.S.C. § 1441(b), 29 U.S.C. § 185, and 42 U.S.C. § 1983. The complaint contains five counts alleging a variety of causes of action. Count I alleges that the termination of Price by UPS was wrongful in that the termination was based upon specific wrongful acts of an agent of UPS. Count II alleges that the discharge of Price broke the contract terms of the New England Supplement to the National Master United Parcel Service, Inc. Agreement. Count III alleges that UPS engaged in intentional conduct which resulted in mental and emotional harm to Price and the disruption and dissolution of his marital and familial relationships. Count IV alleges negligent infliction by UPS of mental anguish and the disruption and dissolution of Price's marital and familial relationships. Count V alleges that UPS "acting under color of law" deprived Price of his rights under the Fifth and Fourteenth Amendments of the United States Constitution. The defendant moves for summary judgment on Counts I and II, for dismissal of Counts III and IV for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, and for dismissal of Count V for failure to state a claim upon which relief can be granted. The plaintiff opposes all of these motions, except that he assents to the "dismissal" of Count II.

In deciding a motion for summary judgment, the court must look at the record in the light most favorable to the party opposing the motion. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). It must also draw all inferences in favor of the non-movant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The moving party has the burden of showing the absence of a disputed issue of material fact. *Mack v.*

*Cape Elizabeth School Board*, 553 F.2d 720, 722 (1st Cir.1977). The judgment sought shall be rendered only if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the court construes the allegations of the complaint favorably to the pleader. The claim should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 474 (1974). Material facts alleged in the complaint are to be taken as true, but conclusions of the pleader are not to be treated as if they were allegations of fact.

The factual allegations of the complaint which must be taken as true in the case are as follows: Price was an employee of UPS from August 1975 to January 19, 1983; in December 1982, UPS retained a female security agent to covertly investigate Price; the female agent was to befriend Price and to entice and encourage him to purchase for her an illegal controlled substance (cocaine); on January 19, 1983, Price purchased and provided to the female security agent a quantity of cocaine, whereupon he was arrested by the Taunton Police; UPS terminated Price's employment as of that date; "[t]he purchase and sale of the controlled substance and the subsequent arrest was ostensibly the basis for Price's dismissal;" and UPS knew or should have known of Price's vulnerability to the romantic advances of the female security agent because of his existing "domestic difficulties."

The terms and conditions of employment at UPS were exclusively governed by a collective bargaining agreement between UPS and Local 653 of the International Brotherhood of Teamsters ("Union"). The agreement, in Article 52, provides that an employee shall not be discharged without

"just cause." Article 41 establishes a grievance procedure, including final arbitration, to be followed for any dispute arising under the provisions of the agreement. Following Price's discharge, the Union prosecuted a grievance under the agreement on his behalf through the entire grievance procedure. The New England Area Parcel Grievance Committee unanimously upheld Price's discharge by written decision dated August 9, 1983.

Plaintiff's attempt to characterize his action as a common law "wrongful termination" action or a breach of the implied covenant of good faith and fair dealing (a concept developed by Massachusetts courts in employment-at-will termination cases) cannot withstand judicial scrutiny.[1] The Massachusetts cases defining this concept have dealt with employment situations in which there was no written employment contract at all or no contractual provisions governing the termination of employment. In all of the cases, the employment was terminable at will. *See, e.g., Fortune v. National Cash Register Co.,* 373 Mass. 96, 364 N.E.2d 1251 (1977), *Cort v. Bristol Myers Co.,* 385 Mass. 300, 431 N.E.2d 908 (1982); *Gram v. Liberty Mutual Ins. Co.,* 384 Mass. 659, 429 N.E.2d 21 (1980).

In *Gram, supra,* the Massachusetts Supreme Judicial Court discussed whether it should adopt a common law rule giving employees-at-will the same measure of job security that "[c]ollective bargaining agreements and public employment statutes [which] generally permit discharge only for good cause" give other employees. *Gram v. Liberty Mutual Ins. Co.,* 384 Mass. at 670–71, 429 N.E.2d at 28 (1981). The court specifically declined to do so. As stated recently in *Bertrand v. Quincy Market Cold Storage & Warehouse,* 728 F.2d 568, 571 (1st Cir.1984):

[W]e doubt that the Massachusetts courts would ever imply the covenant in this case. The covenant has generally been implied in contracts of employment "at will." This, however, was not an at will employment contract; the company had negotiated away its right to discharge anyone except for "just cause." Since there is an explicit contractual provision giving the employee greater protection than the implied covenant, there is no need to imply the covenant.

Price was protected by a union-negotiated collective bargaining agreement which prevented UPS from dismissing covered employees without just cause. Therefore, the implied covenant of good faith and fair dealing has no application to this situation since the agreement requires an even stricter standard to be applied in reviewing UPS' actions in discharging an employee.

Rather than falling under a doctrine applicable to employment-at-will situations, this case comes under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), which enables an employee or his union to sue an employer for failure to comply with a collective bargaining agreement. Plaintiff's allegations in Count I and Count II essentially allege facts which bring the case under § 301. However, as plaintiff himself has noted in his reply memorandum to defendant's motion for summary judgment, an action against UPS for a breach of the collective bargaining agreement (Count II) cannot be sustained on these facts.

In a § 301 case, "absent an allegation in the complaint either that the employer repudiated the grievance procedures or that the union wrongfully refused to process the employee's grievance through arbitration, the court 'may not usurp those functions which collective-bargaining contracts have properly "entrusted to the arbitration tribunal." ' " *Hayes v. New England Millwork Distributors, Inc.,* 602 F.2d

---

1. Although plaintiff argues that the concept of "wrongful termination" more properly sounds in tort than in contract, this is contrary to how the concept has been defined by the Massachusetts courts. The cases indicate that a "bad faith" termination action involves the breach of an implied covenant of good faith and fair dealing in an employment-at-will contract. *Siles v. Travenol Laboratories, Inc.,* 13 Mass.App.Ct. 354, 358, 433 N.E.2d 103, 106 (1982) and cases cited therein. This is in essence and nature a contract claim and not a tort claim.

15, 18 (1st Cir.1979), *quoting Hines v. Anchor Motor Freight,* 424 U.S. 554, 562–63, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976). Plaintiff's complaint does not contain any allegations that UPS in any way frustrated the grievance procedure, nor does it allege bad faith or failure to prosecute his grievance on the part of the Union. For these reasons, I conclude that defendant's motion for summary judgment as to Counts I and II must be granted.

■ Defendant also argues that plaintiff's first two counts are barred by the applicable statute of limitations. I agree. In *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six-month limitations period of 29 U.S.C. § 160(b) applied to § 301 actions. More than eight months separate the last and final adjudication of Price's grievance (August 9, 1983) and the filing of this action (April 26, 1984). I therefore rule that Counts I and II are time-barred. For this additional reason, summary judgment for defendant on Counts I and II must be entered.

■ The only other federal claim that the plaintiff raises is contained in Count V wherein the plaintiff alleges that UPS violated 42 U.S.C. § 1983 on the grounds that "acting under color of law," UPS deprived Price of his rights under the Fifth and Fourteenth Amendments to the United States Constitution by depriving him of his property without due process of law. The essence of a § 1983 action is a showing of some "state action." There is a significant legal difference between the deprivation of constitutional rights by the state and by "private conduct, 'however discriminatory or wrongful,' against which the Fourteenth Amendment offers no shield." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982), *quoting Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 349, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). "Our cases [under § 1983] have accordingly insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Lugar,* 457 U.S. at 937, 102 S.Ct. at 2754. Even construing the facts in the complaint in the light most favorable to the plaintiff, I find nothing to show that UPS' action in discharging the plaintiff was, in any way, conduct that could be attributed to the state. Indeed the only governmental action alleged by the plaintiff was his arrest by Taunton police officers following his admitted purchase of cocaine. Consequently, I grant the defendant's motion to dismiss Count V.

■ Counts III and IV of the complaint are based on state law tort claims for intentional and negligent infliction of mental and emotional harm. Pendent jurisdiction over these state law claims depends upon the existence of a "federal claim ... [of] substance sufficient to confer subject matter jurisdiction on the court" and of "a common nucleus of operative fact" for both the federal and state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Given these principles, it is extremely doubtful that this court has the power to exercise pendent jurisdiction over these state law claims. However, if the court does have the power to do so, the court also has some discretion in its exercise of pendent jurisdiction. Even viewing the facts of the case in the most favorable manner for the plaintiff, I find that it would be inappropriate to exercise this court's pendent jurisdiction over Counts III and IV in light of my conclusions that defendant's motion for summary judgment on Counts I and II and its motion for dismissal on Count V must be granted.

For the foregoing reasons, it is ORDERED:

1) Defendant's motion for summary judgment on Counts I and II is GRANTED.

2) Defendant's motion for dismissal on Count V is GRANTED.

3) Unless the plaintiff wishes this court to remand Counts III and IV to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Plymouth County (from which this action

was removed to this court), and so moves in writing on or before September 30, 1984, Counts III and IV will be dismissed.