**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHANIEL HOLMES, | No. 11-16988 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-05781-PJH |
| v. | |
| TENDERLOIN HOUSING CLINIC, INC.; RANDALL SHAW, Executive Director, Tenderloin Housing Clinic, Inc.; KRISTA GAETA, Housing Services Director, Tenderloin Housing Clinic, Inc.; SERVICE EMPLOYEES INTERNATIONAL UNION, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted May 6, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Nathaniel Holmes appeals the district court's order granting summary judgment to defendants Service Employees International Union Local 1021 ("SEIU"), Tenderloin Housing Clinic ("THC"), Randall Shaw, and Krista Gaeta. He also appeals the district court's dismissal of his claim under the California Constitution for failure to state a claim. We affirm.

We turn first to Holmes's claims against the SEIU alone. Holmes cannot state a claim against the SEIU Local 1021 for violating Article I, Section 8 of the California Constitution because the union had no "authority to terminate or disqualify Plaintiff from his employment." *Coleman v. S. Wine & Spirits of Cal., Inc.*, No. 11-00501 SC, 2011 U.S. Dist. LEXIS 131173, at \*10 (N.D. Cal. Nov. 14, 2011). Even if he had a qualifying relationship, such a suit would be preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See Miller v. AT & T Network Sys.*, 850 F.2d 543, 548 (9th Cir. 1988).

Further, the district court did not err in granting summary judgment to the SEIU under 42 U.S.C. § 1981 because there is insufficient evidence to support a conclusion that the union discriminated or retaliated against Holmes because of his race or for making claims based on race. *See Metoyer v. Chassman*, 504 F.3d 919, 931, 939-40 (9th Cir. 2007).

Turning to Holmes's claims against THC, the district court did not err in granting summary judgment as to Holmes's discrimination claims against the THC defendants under 42 U.S.C. § 2000e-2 and Cal. Govt. Code § 12940a. Holmes put forward no direct evidence of racial discrimination sufficient to survive summary judgment. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121-22 (1985) ("[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination."). Holmes thus must put forward indirect evidence sufficient to satisfy the three-part test in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). While the sworn affidavits Holmes submitted provide indirect evidence of racial discrimination, Holmes has not demonstrated that THC's given reasons for his termination were pretextual. He thus cannot survive summary judgment under the *McDonnell Douglas* test. *See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

The district court also did not err in granting summary judgment as to Holmes's retaliation claims against THC under 42 U.S.C. § 1981, 42 U.S.C. § 2000e-2, and Cal. Govt. Code § 12940a. Following *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959), this court only obtains jurisdiction over unfair labor practice claims on direct appeal from the NLRB. *See* 29 U.S.C. § 160(f). Holmes failed to appeal the NLRB's decision against him, and so we have

3

no jurisdiction over his union-related claims.  Further, we agree with the district court that Holmes did not put forward evidence of company retaliation as a result of his race-related activities sufficient to create a triable issue of fact.

Finally, the district court did not err in granting summary judgment as to Holmes's hybrid fair representation/breach of collective bargaining agreement claim.  Even if the SEIU Local 1021 breached its duty of fair representation by failing to arbitrate Holmes's case after it promised to do so, Holmes cannot prevail because he cannot show that THC breached the contract.  *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983).  As above, Holmes's claim that THC discharged him due to his union activity is *Garmon*-preempted, *see Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1350 (9th Cir. 1984), and he has not created a material dispute of fact as to whether his termination was motivated by race discrimination.

**AFFIRMED.**