**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOAH LEON,

          Plaintiff-Appellant,

  v.

RICARDO SALDANA; UNITED
PARCEL SERVICE, INC.; SAMANTHA
PIMENTEL,

          Defendants-Appellees,

 and

ANA ESTRADA,

          Defendant.

No.   15-55591

D.C. No.
5:12-cv-00510-SVW-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted January 9, 2017[**]
Pasadena, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and FRIEDLAND, Circuit Judges, and FABER,[***] Senior District Judge.

Noah Leon appeals the district court's grant of summary judgment for United Parcel Service, Inc. (UPS) in his employment action alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et. seq.*, and California's Fair Employment and Housing Act (FEHA), Cal. Gov. Code § 12940 *et. seq.* Leon also appeals the district court's summary adjudication of his claim for discrimination based on union membership. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's order granting summary judgment de novo. *Johnson v. Buckley*, 356 F.3d 1067, 1071 (9th Cir. 2004). Here, the district court properly found that Leon failed to establish a prima facie case of age discrimination under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Leon has not presented sufficient evidence to show that he was "either replaced by [a] substantially younger employee[] with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of discrimination.'" *Schechner v. KPIX-TV*, 686 F.3d 1018, 1023 (9th Cir. 2012) (quoting *Diaz v. Eagle Produce Ltd.*, 521 F.3d

---

[***] The Honorable David A. Faber, United States Senior District Judge for the Southern District of West Virginia, sitting by designation.

1201, 1207 (9th Cir. 2008)). Leon was forty-one at the time of his termination and "believe[s his replacement] is under thirty but under forty for certain, with lesser seniority." Leon argues his statement constitutes lay witness testimony as to the age of his replacement, but this argument fails because Leon's testimony is not "based on [his own] perception." Fed. R. Evid. 701(a). Rather, Leon's testimony is based on inadmissable hearsay—i.e., a coworker told Leon that his replacement is younger than him.[1]

The district court also correctly found it lacked jurisdiction over Leon's claim for discrimination based on union membership because this claim constitutes an unfair labor practice in violation of 29 U.S.C. § 158(a)(3), and "the National Labor Relations Board . . . has exclusive jurisdiction to prevent and remedy unfair labor practices by employers and unions." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 780 (9th Cir. 2001) (quoting *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 (1989)); *see also Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1350 (9th Cir. 1984) ("Violations of an employee's right to engage in concerted activities are within the exclusive jurisdiction of the NLRB.").

---

[1] Although Leon claims he "knew most people in the Ontario hub," he does not specifically allege that his knowledge as to Mike's age arose from personal interaction. When asked how he knew of his replacement's age, Leon answers that "Ofa Unga told [him]."

Appellant shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**